IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON D.[1], )<br>)<br>      **Plaintiff,** )<br>)<br>    v. )<br>)<br>MARTIN J. O'MALLEY, )<br>**Commissioner of Social Security,**[2] )<br>)<br>      **Defendant.** ) | No.: 22 C 711<br><br>Magistrate Judge<br>Daniel P. McLaughlin |

## MEMORANDUM OPINION AND ORDER

This action was brought to review the final decision of the Commissioner of Social Security denying Plaintiff Brandon D.'s claims for child's insurance benefits based on disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [14] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [15] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 1, 2020, Plaintiff filed an application for child's insurance benefits based on disability, and on March 30, 2020 Plaintiff filed for supplemental security income, alleging disability since March 5, 2002. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on January 14, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On July 22, 2021, the ALJ denied Plaintiff's claims, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 5, 2002, and that Plaintiff had not attained the age of 22 as of the alleged onset date. At step two, the

ALJ concluded that Plaintiff had the following severe impairments: generalized anxiety disorder, autism spectrum disorder, and attention-deficit hyperactivity disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following additional non-exertional limitations: Plaintiff should not perform complex work tasks, but has the ability to understand, carry out, and sustain no more than routine tasks; limited to work that would allow for performance of the same tasks day in and day out; work pace should not be set by a machine; work should not require contact with the public for work purposes and no more than occasional contact with co-workers and supervisors for work purposes; work should not require the Plaintiff to engage in teamwork situations (i.e. work that would require the claimant to work with others to complete the same job task(s)); and Plaintiff can work independently. At step four, the ALJ found that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

**DISCUSSION**

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

II. **JUDICIAL REVIEW**

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence,

shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to

differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues, among other things, that the ALJ erred in failing to factor the effects of Plaintiff's non-severe impairments into the RFC. (Pl.'s Memo. at 9-10.) For the following reasons, the Court agrees.

At Step 2 of the analysis, the ALJ found that the Plaintiff suffered from three non-severe impairments: asthma, symptoms associated with post-concussive syndrome, and a "[t]ic disorder." (R. 16-18.) The ALJ discussed her reasoning as to the non-severity of these impairments in detail and asserted that "[w]hile the undersigned has determined the above impairments were not severe, the combined effects of the claimant's severe and non-severe impairments were considered when assessing his [RFC]." (*Id.*) Although the ALJ asserted that Plaintiff's non-severe impairments were considered in the RFC, the ALJ's RFC analysis does not include any discussion of the non-severe impairments. (*Id.* at 24-30.)

The Seventh Circuit has made clear that "[w]hen determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment [and] [a] failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (internal citations omitted). Moreover, an ALJ must provide a sufficient "[e]xplanation for how the evidence leads to their conclusions," including when considering the impact of non-severe impairments. *Warnell*, 97 F.4th at 1053-54. The ALJ in this case did not provide a sufficient explanation about the impact of Plaintiff's non-severe impairments on the RFC, as the RFC portion of her analysis did not include any discussion[3] of the non-severe impairments or their potential impact on Plaintiff's ability to work. Courts in this circuit have repeatedly found that a lack of non-severe impairment discussion in the RFC analysis warrants remand. *See Blanchard*, 2017 WL 1375545 at *3 (finding that a "[c]lassification of Plaintiff's [impairment] as non-severe did not eliminate the ALJ's duty to later consider the impairment when formulating his RFC assessment… [t]he ALJ should have considered Plaintiff's [impairment] in concert with [her] other

---

[3] Although the ALJ did include the standard language that she considered the effects of the Plaintiff's non-severe impairments when creating the RFC, "[t]he Court believes this is boilerplate language that the Seventh Circuit has repeatedly stated is not sufficient analysis on the part of an ALJ." *Blanchard v. Berryhill*, No. 16 C 2117, 2017 WL 1375545, at *3 (N.D. Ill. Apr. 17, 2017) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) ("Boilerplate language is language that fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered when making his determination.")). This language is particularly insufficient where the ALJ did not include any discussion of the non-severe impairments and their limitations (or lack thereof) in formulating the RFC.

impairments to determine their collective effect on her ability to work.") (internal quotations omitted); *Newell v. Astrue*, 869 F. Supp. 2d 875, 892 n.12 (N.D. Ill. 2012) (explaining that a failure to consider non-severe impairments in assessing the RFC requires remand).

Even if the ALJ determined that the non-severe impairments did not warrant limitations in the RFC, the ALJ was nonetheless obligated to provide a sufficient explanation for that conclusion. *See Muzzarelli v. Astrue*, No. 10 C 7570, 2011 WL 5873793, at *24 (N.D. Ill. Nov. 18, 2011) (finding error where "[t]he ALJ gave no indication at either Step 2 or in the RFC analysis that he considered what impact [non-severe impairments] might have… [t]he ALJ may have believed that [the non-severe impairments] were too mild to add to the restrictions that stemmed from her severe impairments. If so, he was required to state that fact and to make the basis of his reasoning clear.") (internal quotations and citations omitted); *Omar R. v. Kijakazi*, No. 22 C 3784, 2023 WL 5980010, at *3 (N.D. Ill. Sept. 14, 2023) ("Even if a mild limitation finding at step two does not necessarily equate to any RFC limitation, the ALJ must still affirmatively *evaluate* the effect such mild limitations have on the claimant's RFC."); *York v. Berryhill*, No. 115CV01447TWPMJD, 2017 WL 1044724, at *3 (S.D. Ind. Mar. 20, 2017) ("[t]he ALJ was required to consider these impairments when making his RFC determination... However, the ALJ failed to discuss in any way the non-severe impairments… when explaining the RFC determination, and thus, the Court is left to speculate whether these impairments were considered at all during the RFC determination.").

Accordingly, "[g]iven the lack of any discussion of [Plaintiff's]... non-severe impairments in the RFC determination... this case warrants remand because, at a minimum, the Court has no idea what the ALJ thought about this evidence." *McGarvey v. Kijakazi*, No. 21 C 6664, 2023 WL 374297, at *5 (N.D. Ill. Jan. 24, 2023) (internal quotations omitted). On remand, the ALJ should provide a sufficient explanation articulating what impact, if any, Plaintiff's non-severe impairments have on the RFC. Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [14] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [15] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE:**     **October 9, 2024**

                                                **HON. DANIEL McLAUGHLIN**
                                                **United States Magistrate Judge**